**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PEYTON M. CHARLES LLC,** **Plaintiff(s),** | § | |
| | § | **Civil Action No. 3-26CV2657-D** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **JANE DOE 1 D/B/A/ After The Receipts,** **Defendant(s)** | § | |

**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY**

Before the Court is Plaintiff's Ex Parte Motion for Leave to Take Expedited Discovery Prior to the Rule 26(f) Conference (the "Motion"). Having considered the Motion, the brief, the operative Complaint, and the applicable law, the Court finds that Plaintiff has demonstrated good cause for the requested expedited discovery.

Specifically, Plaintiff has established a prima facie claim for copyright infringement against an anonymous Defendant who submitted a Digital Millennium Copyright Act ("DMCA") counter-notice purposefully omitting or falsifying the contact details required under 17 U.S.C. § 512(g)(3). Because Defendant cannot be identified or served without limited third-party discovery, expedited disclosure is necessary to advance this litigation.

It is therefore **ORDERED** that Plaintiff's Motion is **GRANTED**. Plaintiff is authorized to conduct immediate discovery prior to a Rule 26(f) conference as follows:

1. Plaintiff may immediately serve third-party subpoenas pursuant to Federal Rule of

Civil Procedure 45 upon **Google LLC (YouTube)** and the third-party domain registrar and/or web-hosting platform hosting **www.afterthereceipts.com** (the "Third-Party Service Providers").

2. The subpoenas may seek information sufficient to identify the true legal identity of the Defendant, including the Defendant's true legal name, physical addresses, mailing addresses, email addresses, telephone numbers, billing profiles, account verification details, and Internet Protocol (IP) address logs associated with the creation and operation of the account and website.

3. Any Third-Party Service Provider served with a subpoena pursuant to this Order shall have **thirty (30) days** from the date of service to produce the requested information to Plaintiff's counsel or to file an objection or motion to quash.

4. Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights in this action, including executing service of process and amending the Complaint to identify the true identity of the Defendant.

**SO ORDERED.**

September2, 2026.

Sidney A. Fitzwater

SIDNEY A. FITZWATER
SENIOR JUDGE