IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKENYA MANAHAN d/b/a Peyton M. Charles, Plaintiff, | § | |
| v. | § | No. 3:26-CV-2657-D |
| JANE DOE 1 d/b/a After the Receipts, Defendant. | § | |

## ORDER

Senior United States District Judge Sidney A. Fitzwater has referred Defendant's motion to quash or modify a third-party subpoena and all related procedural motions to the undersigned magistrate judge for a hearing, if necessary, and determination. (Dkt. No. 14; *see* Dkt. No. 13.) After counsel entered appearances on behalf of both parties, the Court reset the briefing schedule for consideration of the motion to allow both parties to file counseled briefs. (Dkt. No. 19.) Plaintiff filed her response on October 30. (Dkt. No. 22.)

On October 30 and November 3, Defendant filed "notices" to the Court discussing an inability to access portions of the docket that are filed under seal. (Dkt. Nos. 21, 23.) In the November 3 filing, Defendant's notice includes a floating insertion stating that "Plaintiff advises that unsealing ECF No. 8 is not opposed." (Dkt. No. 23 at 1.)

Given that the parties are now represented by counsel, the Court declines to construe Defendant's "notices" as motions to unseal. By its nature, a notice is merely an advisory. But "[a] request for a court order must be made by *motion*." Fed. R. Civ. P. 7(b)(1) (emphasis added). If Defendant seeks a court order unsealing the August 31 filing at Docket No. 8, she may file a motion requesting that relief, which by court rule must be accompanied by a proper certificate of conference. *See* N.D. Tex. L. Civ. R. 7.1(b).[1] In the event Defendant chooses to file a motion to unseal, the Court will consider a reasonable extension of her deadline to file a reply in support of the motion to quash, which currently is November 9, 2026. (*See* Dkt. No. 19 at 2.)

**SO ORDERED** on November 4, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

[1] Defendant's "notices" formatted as letters to the Court follow a practice for requesting court action that is atypical in this Court. Although the Court does not presume to know why Defendant used this format, it recognizes that Defendant's counsel maintains his primary office in another district and might not have great familiarity with this Court's local rules and practices. For that reason, N.D. Tex. L. Civ. R. 83.10(a) requires local counsel in circumstances such as these. Defendant is encouraged to come into compliance with the rule, either by having local counsel enter an appearance or seeking authorization from the presiding judge to proceed without local counsel.